UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRI JOANN JOHNSON,

        Plaintiff,

-vs-                                        Case No.  2:08-cv-765-FtM-29SPC

GREGORY ELECTRIC COMPANY, INC.,

        Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Jerri Joann Johnson's Motion for leave to Amend her Original Complaint (Doc. #12) filed on November 3, 2008. The Defendant filed its Response (Doc. # 14) on November 18, 2008. The Motion is now ripe for review.

      Under rule 15(a), a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); Keene v. Teco Energy Corp., 2000 WL 230243 (M.D. Fla.). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v.

Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Although the threshold for leave to amend is low, the Court must first review the Complaint to determine if the Amended Complaint is frivolous. In the instant Motion, the Plaintiff states she wants to add a claim that Gregory Electric may or may not be a government agency or acting under color of state law because Gregory Electric has contracts with state and local governments in Florida. The claim is futile because entering into contracts with government entities does not make a service provider a government actor.

The Eleventh Circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." Id. The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." Id. The Court must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim. Id.

It is clear the Defendant was not performing a public function nor does the allegation fall under the public compulsion test. Thus, the Court must examine whether or not there is a sufficient nexus/joint action between the unspecified government entity and the Defendant's alleged acts. The Plaintiff states the Defendant acted under color of state law because the Defendant entered into contracts with state and local agencies. "[T]he mere fact that a private actor contracts with a governmental entity does not mean every action taken by the private actor can be attributed to the government." Id. at 1278; Rendell-Baker v. Kohn, 457 U.S. 830, 831, 102 S. Ct. 2764, 73 L. Ed. 418 (1982) (holding a private entity's contracting with a state or local government is insufficient to transform that entity into a state actor for purposes of Section 1983).

The Plaintiff also failed to establish that the Defendant violated one of the constitutional or federal statutory rights. In order to claim relief in an action under § 1983, the Plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Here, the Plaintiff merely states that she believed one of supervisors was about to but never did use a racial epithet. Thus, the Plaintiff's amended § 1983 claim is futile.

Additionally, the Plaintiff moves the Court for leave to add a count pursuant to 42 U.S.C. § 1981. However, the Plaintiff does not assert any facts or basis for the § 1981 claim. The proper method to request leave to amend a complaint, pursuant to Fed. R. Civ. P. 7(b), is either to attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court will be able to assess the viability of proposed amendment. Satz v. Long, 181 F.3d 1275, 1279 (11th Cir. 1999). Since the Plaintiff did neither it is respectfully recommended that her Motion for Leave to Amend should be denied.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff Jerri Joann Johnson's Motion for leave to Amend her Original Complaint (Doc. #12) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this  4th  day of December, 2008

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record