```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JERRI JOANN JOHNSON,

              Plaintiff,

vs.                              Case No.   2:08-cv-765-FtM-29SPC

GREGORY ELECTRIC COMPANY, INC.,

              Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #20), filed December 4, 2008, recommending that plaintiff's Request Leave to Amend Original Complaint (Doc. #12) be denied.  No objections were filed and the time to do so has expired.  Also before the Court is defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Doc. #10), to which plaintiff filed a Response (Doc. #13).

**I.  Report and Recommendation**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9

(11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge that the amendment under 1983 would be futile and that the proposed 1981 amendment was insufficiently presented.

## II.  Motion to Dismiss/Transfer Venue

Defendant seeks to dismiss the Complaint for failure to state a claim under 42 U.S.C. § 1983, or in the alternative, to transfer venue to South Carolina because the Complaint fails to identify witnesses that are located in Florida.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

On October 2, 2008, plaintiff filed a Complaint (Doc. #1) alleging jurisdiction under 42 U.S.C. § 1983.  Plaintiff alleges that she was employed by defendant Gregory Electric Company, Inc., a South Carolina corporation, as a Flagger from October 2006 to January 2007.  During her employment, plaintiff endured a hostile work environment based on her racial by the Senior Project Manager Bob Culverhouse.  Plaintiff repeatedly reported the discrimination to her immediate supervisor Raphael Lopez and his supervisor, who is now deceased.  In January 2007, plaintiff terminated her employment when no action was taken.  Although not attached to the Complaint, plaintiff filed a Notice of Pendency of Other Actions (Doc. #6) indicating that a charge was filed with the Equal Employment Opportunity Commission (EEOC).[1]

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. §

---

[1] It is unclear whether she subsequently received a Notice of Suit Rights, a statutory precondition to filing suit. Forehand v. Florida State Hosp., 89 F.3d 1562, 1569-70 (11th Cir. 1996).

1983. Plaintiff does not allege that defendant was acting under color of state law or specify any federal or constitutional right that was violated by defendant in the Complaint. Additionally, the Magistrate Judge specifically found that an amendment to more succinctly state a claim under § 1983 would be futile. Therefore, defendant's motion to dismiss will be granted for failure to state a claim under § 1983.

Based on plaintiff's *pro se* status and after liberally construing the allegations in the Complaint, the Court does find that plaintiff could state a claim for a hostile work environment,[2] if provided an opportunity to properly plead. Therefore, the dismissal is without prejudice to amending the Complaint.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #20) is hereby **adopted** to the extent that plaintiff wishes to amend the Complaint to add

---

[2]The Civil Rights Act of 1964 prohibits unlawful employment practices by an "employer" against an "employee," as defined in 42 U.S.C. § 2000e. To establish that plaintiff has been subjected to a hostile or abusive working environment, plaintiff must show (1) that she belongs to a protected group, (2) that she was subject to unwelcome harassment, (3) that the harassment was based on a protected characteristic such as race, (4) that the harassment was severe or pervasive enough to alter the terms and conditions of her employment and create a discriminatorily abusive working environment, and (5) that the employer is responsible either vicariously or directly. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

a claim under 42 U.S.C. § 1981 and § 1983.  Therefore, plaintiff's Request Leave to Amend Original Complaint (Doc. #12) is **DENIED.**

2.   Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Doc. #10) is **GRANTED** as to the motion to dismiss and **DENIED** as moot as to the motion to transfer venue.

3.   Plaintiff may file an Amended Complaint within **TWENTY (20) DAYS** of this Order to the extent she can state a cause of action for discrimination.  **If no Amended Complaint is filed within the time provided, the Court will enter judgment of dismissal against plaintiff and close the case without further notice**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of January, 2009.

```
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties