```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JERRI JOANN JOHNSON,

                Plaintiff,

vs.                            Case No. 2:08-cv-765-FtM-29SPC

GREGORY ELECTRIC COMPANY, INC.,

                Defendant.

_____

## **OPINION AND ORDER**

    This matter comes before the Court on defendant Gregory Electric Company, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Transfer Venue and Memorandum of Law in Support Thereof (Doc. #26) filed on February 9, 2009. Plaintiff Jerri Joann Johnson filed a Response in Opposition (Doc. #36) on August 18, 2009. Defendant filed a Motion for Leave to File a Reply Brief (Doc. #38) on August 26, 2009, and Plaintiff filed a Response to Defendant's Certificate of Good Faith (Doc. #39) on August 31, 2009.

    The Court finds that its prior Opinion and Order (Doc. #21) was erroneous, and that plaintiff should have been allowed the opportunity to file an amended complaint without the restrictions imposed by the Court. In light of this, the Court will allow plaintiff the opportunity to file a second amended complaint asserting those claims she deems appropriate.

**I.**

On October 2, 2008, plaintiff Jerri Joann Johnson (plaintiff or "Johnson") filed a Complaint (Doc. #1) alleging jurisdiction under 41 U.S.C. § 1983. Defendant Gregory Electric Company, Inc. (defendant or "Gregory Electric") filed a Motion to Dismiss Complaint or in the Alternative, Motion to Transfer Case Venue and Memorandum of Law in Support (Doc. #10). Before the Court ruled on the motion to dismiss, plaintiff filed a Request Leave to Amend Original Complaint (Doc. #12), to which defendant filed a Response in Opposition (Doc. #14). The magistrate judge issued a Report and Recommendation (Doc. #20) recommending that plaintiff's motion for leave to file an amended complaint be denied because her claim under 42 U.S.C. § 1983 was futile. The Court entered an Opinion and Order adopting the Report and Recommendation as to plaintiff's claims under 42 U.S.C. § 1983 and § 1981, granting defendant's motion to dismiss those claims, denying as moot defendant's motion to transfer venue, and granting plaintiff leave to file an Amended Complaint limited to the assertion of a claim of discrimination under the Civil Rights Act of 1967, 42 U.S.C. § 2000e. Plaintiff filed an Amended Complaint (Doc. #22) which, construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), alleges jurisdiction and claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the

Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

**II**.

The procedural difficulty in this case is that plaintiff should have been allowed to file an amended complaint without leave of court and without court-imposed restrictions. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[A] party may amend its pleading once as a matter of course before being served with a responsive pleading." FED. R. CIV. P. 15(a)(1). No responsive pleading had been filed, and therefore, plaintiff had a right to amend her complaint as a matter of course. See, e.g., Ferrell Law, P.A. v. Crescent Miami Ctr., LLC, 313 Fed. Appx. 182, 186 (11th Cir. 2008) ("The Federal Rules of Civil Procedure allow a party to amend its pleadings once as a matter of course at any time before a responsive pleading is served . . . . And [f]or purposes of [Rule 15(a)], a motion to dismiss is not a responsive pleading. As a general rule, leave to amend may be denied properly under Rule 15(a) when such amendment would be futile . . . but the general rule has no applicability when Rule 15(a) accords a plaintiff the right to file an amended complaint *as a matter of course* . . . .") (emphasis in original) (internal citations and quotations omitted). See also Williams v. Bd. of Regents of the Univ. Sys. of Georgia, 477 F.3d 1282, 1293 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course*, . . .

. the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility.") (emphasis in original).  The Court expresses no view on whether plaintiff can cure the deficiencies of her original Complaint, but merely holds that plaintiff had a right to amend under Rule 15(a)(1).

Accordingly, it is now

**ORDERED:**

1.  The Court's Opinion and Order (Doc. #21) is hereby **VACATED,** and the Report and Recommendation (Doc. #20) is **REJECTED**.

2.  The Amended Complaint (Doc. #22) is **STRICKEN.**

3.  Plaintiff shall file a Second Amended Complaint, setting forth those causes of actions she deems appropriate, within **TWENTY (20) DAYS** of the date of this Opinion and Order.

4.  Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Transfer Venue and Memorandum of Law in Support Thereof (Doc. #26) is **DENIED as moot**.

5.  Defendant's Motion for Leave to File a Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, to Transfer Venue (Doc. #38) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of September, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of record
Plaintiff